IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JIMMY SALAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:23-CV-011-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by Petitioner Jimmy Salas ("Petitioner") challenging the constitutional legality or validity of his state court conviction and sentence. Also before the Court is Respondent's Motion to Dismiss. (ECF 17) and Petitioner's Response (ECF 20). For the following reasons, Respondent's Motion to Dismiss should be GRANTED and Petitioner's habeas application should be DISMISSED.

## I.   BACKGROUND

On October 9, 2019, Petitioner pleaded guilty to Possession of Controlled Substance, Enhanced, out of the 100th District Court of Childress County, Texas, for which he was sentenced to 5 years deferred adjudication and a $5,000.00 fine. *See State v. Salas*, No. 6493; (ECF 17-2 at 2). On January 14, 2021 and June 10, 2021, the State filed motions to adjudicate guilt based on violations of community supervision. (*Id*. at 23–33). On September 21, 2021, the trial court revoked Petitioner's deferred adjudication and sentenced him to 34 years confinement. (*Id*. at 34–35).

Petitioner waived his right to appeal and did not file a direct appeal. (ECF 1 at 3; ECF 17-2 at 21, 36). Petitioner claims that he filed a state habeas application (ECF 1 at 3, 8); however, no record of such application is on file with the Texas Court of Criminal Appeals ("TCCA"). (*See* ECF 17-3, 17-4). Petitioner placed the instant federal habeas petition in the prison mailing system on January 5, 2023. (ECF 1 at 10).

## II.     PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reason(s): Petitioner claims (1) he was subject to false arrest and false imprisonment; (2) that the trial court lacked subject matter jurisdiction resulting in an illegal sentence; (3) that his state habeas application was ignored; and (4) that the 34-year sentence following revocation of deferred adjudication constitutes a violation of double jeopardy. (ECF 1 at 6–7).

## III.     RESPONSIVE PLEADINGS

On May 25, 2023, Respondent filed a Motion to Dismiss with Brief in Support asserting Petitioner's habeas application should be dismissed because Petitioner's claims are unexhausted. (ECF 17 at 4). Petitioner filed a "Notice of Error(s)" (ECF 18) and a Response to Respondent's Motion to Dismiss (ECF 20). In each, Petitioner challenges the identifying information contained the underlying case, including complaint and warrants, which name "Jimmy Salas, Jr.," Petitioner's son. (ECF 18, 20). Further, Petitioner challenges exhaustion based on the alleged state habeas application. (ECF 20).

## IV.     EXHAUSTION OF STATE COURT REMEDIES

Federal statute provides:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c). The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted).

To have exhausted his state remedies, a habeas petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998). This requires that any federal

constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276 (1971). Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present <u>each</u> constitutional claim he wishes to assert in his federal habeas petition to the <u>highest</u> state court in a procedurally proper manner. *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015). In the State of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court that has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc. Ann. art. 44.45 (2019). Claims may be presented to that court on collateral review through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (2019), or on direct appeal by a petition for discretionary review.

Petitioner claims to have submitted a state habeas corpus application to the trial court in March 2022 and follow up notices several months later. (ECF 1 at 7, 9; ECF 20 at 1, 3–4). However, there exists no record of such application being filed with the Texas Court of Criminal Appeals. (ECF 17-4). The Clerk of Court of Childress County, Texas received two correspondences from Petitioner: one in January 2022 and the other in October 2022. (ECF 17-3). The first correspondence, is titled "Motion to Request 'Discovery'" and does not meet the elements of a state habeas corpus application. (*See id*. at 3–5). In the second correspondence, Petitioner states that he contacted the TCCA regarding the status of his state habeas application and was told in September 2022 that the TCCA was not in receipt of a state habeas application. (*Id.* at 6).

No record of a March 2022 correspondence or state habeas corpus application has been located. (*See* ECF 17-3). However, Petitioner provided multiple certified mail tracking numbers regarding his correspondences. (ECF 20 at 3–4). One tracking number (USPS 7020-1290-0001-0714-8248) indicates that, in March 2022, certified mail was sent to Clarendon, Texas. Such date

corresponds to when Petitioner alleges to have submitted his state habeas application. (See ECF 20 at 4). However, Petitioner was convicted in Childress County, Texas—not Donley County, Texas, where Clarendon is situated. Even if Petitioner did submit a state habeas corpus application on the alleged date, such action would not constitute a proper submission of his state habeas application. Tex. Code Crim. Proc. Art. 11.07, Sec. 2 ("After indictment found in any felony case, other than a case in which the death penalty is imposed, and before conviction, the writ must be made returnable in the county where the offense has been committed.").

Based on the lack of evidence of a properly submitted state habeas application and the Court's confirmation of same with Texas judicial records, Petitioner has not afforded the highest state court the opportunity to address his claim. For that reason, it is deficient. Accordingly, as the record now exists, the instant federal habeas petition must be dismissed for failure to exhaust.

## V.     RECOMMENDATION

For the above reasons and the reasons set forth in Respondent's Motion to Dismiss filed May 25, 2023 (ECF 17), it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by Petitioner JIMMY SALAS be DISMISSED as unexhausted.

## VI.     INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 11, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).